UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JERALD HARRIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:19CV00153 SRC |
| RICHARD JENNINGS, | ) | |
| Respondent(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Jerald Harris's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1].

### I. BACKGROUND

A jury, in the Circuit Court of St. Louis City, convicted Petitioner Jerald Harris of three counts of first-degree robbery, six counts of armed criminal action, one count of attempted forcible sodomy, one count of attempted first-degree robbery, one count of kidnapping, and one count of resisting arrest. Petitioner was sentenced to life imprisonment for all counts with the exception of a seven-year sentence for resisting arrest. One count of first-degree robbery runs concurrently with the rest of his sentences to run consecutively. Petitioner appealed his convictions and sentences to the Missouri Court of Appeals, which affirmed. Petitioner filed a timely Missouri Rule 29.15 post-conviction motion, which the motion court denied. He appealed this decision and the Missouri Court of Appeals affirmed the denial of post-conviction relief. Petitioner now seeks relief in this Court pursuant to 28 U.S.C. § 2254.

The Missouri Court of Appeals described the facts of Petitioner's convictions as follows:

On January 6, 2013, S.D. was visiting her friend Julie Spychala at Spychala's apartment in the Shaw neighborhood in the City of St. Louis. A friend of theirs,

Brendon Hutton came over to pick S.D. up and S.D. and Spychala went downstairs to meet him outside. The three of them stood in the street and talked for a few minutes.

As they were talking Spychala noticed a man, later identified as Defendant,[1] coming toward them. She made eye contact with him and then looked back at her friends and continued talking with them. Then Defendant came up behind them with a handkerchief over his face, holding a gun. Defendant said, "Give me your money or I'll shoot you." Spychala did not have any money, so she threw her gloves on the ground in front of Defendant. S.D. and Hutton handed Defendant money. Defendant continued to point the gun at them. Then Defendant demanded their phones, and Spychala and S.D. both put their phones on the ground. Defendant kept demanding more money, and eventually S.D. and Hutton had given him everything out of their wallets. At one point, the bandana covering Defendant's face fell down, and Hutton was able to see Defendant's face for a few seconds.

Defendant then looked at S.D. and said, "Well, bitch, you're going to suck my d[---]." Defendant went up behind her and grabbed her butt and she froze. Spychala kept saying, "No" and "Please, sir, please." She tried to offer Defendant her jacket, which she told him was worth $150. He started to pull off her jacket but Spychala got nervous and held her ground. Eventually Defendant stopped and said "Run to your car and don't turn around." Defendant ran away down an alley.

The three victims got in Hutton's car and started driving. Hutton still had his phone, so he called 911. Police took them back to the scene. Their credit cards and Spychala's gloves were still on the ground, but the money and phones were gone. A K-9 police unit tracked Defendant's scent but lost it beyond the alley.

ECF No. 6-5, pgs. 1-3.[2]

## II. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). For a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

---

[1] Defendant is Jerald Harris, the petitioner in this matter.
[2] These facts are taken directly from the Court of Appeals' Memorandum affirming Petitioner's conviction on direct appeal.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent occurs where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III.  DISCUSSION

Petitioner asserts five grounds for relief in his petition for writ of habeas corpus. His first three grounds claim the trial court erred in denying Petitioner's motion to suppress the evidence and testimony of the out of court identification made by Julia Spychala, S.D., and Brendon Hutton. In his fourth ground for relief, Petitioner asserts the trial court erred in denying his motion to suppress the testimony and evidence of the identifications made based on an audio line-up. Finally, in his fifth ground for relief, Petitioner claims the motion court erred in denying

Petitioner's post-conviction-review ("PCR") motion because trial counsel was ineffective for failing to call Vernice Williams as a defense witness at trial.

A.  *Grounds One through Four*

In the first four grounds of Petitioner's petition, he alleges the trial court erred in denying his motions to suppress audio and photographic identifications made by the victims. Petitioner raised these claims in his direct appeal and the Missouri Court of Appeals denied the claims.

Grounds one through four of the petition must be denied. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The admission or exclusion of evidence is a question of state law and rarely gives rise to a federal question reviewable in a habeas petition. *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004). The Court can review a state court evidentiary ruling in a habeas petition only to determine if the asserted error denied due process. *Bailey v. Lockhart*, 46 F.3d 49, 50 (8th Cir. 1995). This occurs when the evidentiary ruling is "so conspicuously prejudicial or of such magnitude as to fatally infect the trial." *Osborne*, 411 F.3d at 917. The evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered [petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

The evidentiary rulings on audio and photographic identifications in Petitioner's case do not implicate his federal constitutional rights. The Missouri Court of Appeals found that sufficient evidence in the record supported the trial court's denial of Petitioner's motion to suppress on the basis the lineup procedure was not unduly suggestive. Nothing in Petitioner's petition or traverse, or in the prior courts' records, suggests the evidentiary rulings were "so

conspicuously prejudicial or of such magnitude as to fatally infect the trial" or "so egregious that [it] fatally infected the proceedings and rendered [petitioner's] entire trial fundamentally unfair." The Court denies grounds one through four for habeas relief.

B.  *Ground Five*

In his fifth ground for relief, Petitioner asserts his counsel was ineffective for failing to call Verniece Williams as a defense witness at trial. Ms. Williams treated Petitioner for drug addiction between January 2012 and September 2013. Petitioner claims Ms. Williams would have testified that, at the time of the alleged crimes, Petitioner's arm was wrapped up, in a type of support, with only his fingers showing, making him unable to commit the robberies as described by the victims. Petitioner raised this claim in his PCR motion and it was denied by the motion court. He appealed the decision and the Missouri Court of Appeals affirmed the motion court's denial.

> The Missouri Court of Appeals held as follows:
>
> To establish ineffective assistance of counsel for failing to call a witness at trial, the movant must demonstrate: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have provided a viable defense. . .
>
> Contrary to Movant's argument, we find Movant failed to meet his burden of proving that William's testimony would have provided a viable defense. "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance." At the evidentiary hearing, Williams testified Movant was a client of hers at the Gateway Free and Clean Clinic, and she treated Movant between January 2012 and September 2013. However, Williams could not say with any certainty that she saw Movant in January and February 2013. Williams testified she had a "vague memory" of Movant's arm in a splint and that he had limited mobility, but, again, she could not remember any specific dates or how many times she saw him in the splint. Nor did Williams remember whether she made any record of the splint in her notes. Additionally, trial counsel testified she attempted to contact Williams prior to trial, but Williams did not return counsel's call until after the trial was over. Williams left a message informing counsel that she "would be of no assistance" and knew nothing about the splint on Movant's arm. Accordingly, William's testimony

would not have unqualifiedly supported Movant's defense of mistaken identity or that his wrist was in a splint at the time of the robbery and he had limited mobility. We find trial counsel's failure to call Williams as a defense witness does not constitute ineffective assistance.

Moreover, we agree with the motion court's conclusion that Movant failed to demonstrate prejudice. As the motion court found, trial counsel investigated the issue of Movant's fractured wrist. Counsel presented medical records confirming Movant was treated for the fracture on November 27, 2012, and had a sugar-tong splint placed on his forearm and hand. Counsel also questioned Spychala, S.D., and Hutton regarding the absence of a splint on the robber's arm. However, the State argued Movant fractured his wrist more than a month before the robbery and presented testimony that a sugar-tong splint can be easily removed by the patient himself. Evidence was also presented that Movant failed to show up for follow-up appointments with his treating physician on December 6, 2012, and January 10, 2013, around the time of the robbery, and he never rescheduled to remove the splint, leading to the reasonable inference that Movant removed the splint himself. Most significantly, Spychala, S.D., and Hutton testified they immediately identified Movant from the photo lineup. Spychala also testified she recognized Movant's voice from the audio lineup because "forever after he robbed us . . . I just knew it." Likewise, S.D. testified she "immediately" recognized Movant's voice because it "brought [her] back to that night." All three victims identified [M]ovant in-court as the man who robbed them. The victims further identified the black bandana and distinctive silver, long-barreled revolver found in Movant's possession when he was arrested as the items used during the robbery. Given the weight of the evidence against Movant, there is no reasonable probability the outcome of the trial would have been different had Williams testified. Point denied.

ECF No. 6-10, pgs. 6-8 (citations omitted).

The decisions of the state appellate court are entitled to deference. 28 U.S.C. § 2254(d). The appellate court's application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) was reasonable in concluding Petitioner's counsel was not ineffective because Ms. William's testimony would not have provided a viable defense and Petitioner was not prejudiced by the failure call Ms. Williams as a witness. The appellate court's decision is not contrary to, nor does it involve, an unreasonable application of federal law. This ground will be denied.

## IV.     CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C. §

2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court will not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jerald Harris's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Jerald Harris's Petition is **DISMISSED, with prejudice**. No certificate of appealability will issue.

So Ordered this 5th day of August, 2019.

_____
**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**